KURN et al., Trustees, v. KEARNS et al.

No. 32685. May 27, 1947.

*181 P. 2d 249.*

M. G. Roberts, of St. Louis, Mo., Cruce, Satterfield & Franklin, of Oklahoma City, and Kelley Brown, of Muskogee, for plaintiffs in error.

Archibald Bonds and R. M. Mountcastle, both of Muskogee, for defendants in error.

RILEY, J. This is an appeal on behalf of Trustees in Bankruptcy of the Railway Company, defendants below, from a judgment for damages. The judgment was based on a jury's verdict and was favorable to plaintiffs, Hugh Kearns and James Murphy, a copartnership.

The undisputed facts upon which the judgment was based may be summarized as follows: On or about May 4, 1943, Commodity Credit Corporation shipped, via defendants' railway, a car of wheat from Enid, Okla. A bill of lading was issued by defendant Railway consigning the wheat to Commodity Credit Corporation or "shipper's order", with instructions to notify Hugh Kearns, who is one of the plaintiffs, upon arrival of the car of wheat at its destination at Fort Gibson, Okla.

The car of wheat arrived May 17, 1943, and was discovered by plaintiffs that afternoon.

A collection letter and invoice had been forwarded by the shipper to the First National Bank & Trust Company, Muskogee, and plaintiffs had paid that invoice by check dated May 6, 1943. However, plaintiffs did not, upon payment of the invoice, or subsequently, receive an endorsed bill of lading from the shipper.

Plaintiffs sought delivery of the wheat on the morning of May 18, 1943, but delivery was denied by the station agent, Mr. Cooper, because plaintiffs could not produce a bill of lading and did not execute an indemnifying bond, or give a cashier's check in an amount equal to 125% of the invoice and value of the property.

Mr. Kearns, plaintiff, then sought a bill of lading at Muskogee or to have the shipment released by the Commodity Credit Corporation, but was unsuccessful in each endeavor. Flood waters arose on the evening of May 19, 1943, as had been forewarned. The floods reached an unprecedented level on May 23, 1943, and the wheat, but for salvage, was destroyed by the flood.

The Commodity Credit Corporation did not issue a release for the wheat until May 28, 1943, after the flood and destruction of the wheat.

The agent, Cooper, testified that regulations governing him as to a shipper's order bill of lading were very definite, and delivery could not be made under the regulations except upon surrender of bill of lading, or a deposit, or surety bond in lieu thereof as indemnity against claims, as required by section III, para. 8, rule 7, Consolidated Freight Classification No. 3 (based on law and Interstate Commerce Rules), admitted in evidence.

While another issue of negligence (failure on the part of the Railway to remove the wheat to higher ground) admittedly renders the case subject to a new trial, on behalf of the Railway Company it is contended error was committed in submitting to the jury the issue of defendant Railway Company's negligence in failure to deliver the wheat to plaintiffs prior to the flood, in the absence of a bill of lading or compliance with requirements made in lieu thereof.

The particular instruction, to which objection is made, dealt with the flood as a cause of the damage but advised that to constitute a defense, the unprecedented flood, as a cause, must be found by the jury not to be commingled with either defendants' "negligence in not delivering the wheat to the plaintiffs on the morning of the 18th of May, 1943, when plaintiffs allege they made a demand upon the defendants, or negligence by reason of the failure of defendants to remove the car of wheat to

higher ground after said defendants were sufficiently warned of approaching danger."

The statute, Title 13, O.S. 1941 §97, provides:

"When a carrier has given a bill of lading . . . he may require its surrender, or a reasonable indemnity against claims thereon, before delivering the freight." St. Louis & S. F. Ry. Co. v. Royal Ins. Co., 100 Okla. 11, 227 P. 410; St. Louis & S. F. Ry. Co. v. Allen, 31 Okla. 248, 120 P. 1090, 39 L.R.A. (N.S.) 309.

The rule is stated in 13 C.J.S., p. 334, that:

"Freight shipped under an 'order' bill of lading may ordinarily be delivered only on production of the bill of lading, properly indorsed".

"The term 'shipper's order,' as used in the bill of lading, is well understood and means that the title remains in the shipper until he orders a delivery of the goods, and that the carrier must not deliver except on production of the bill of lading properly indorsed by the shipper. Hence, where the bill of lading provides for delivery to the shipper's order or to his assigns, delivery of the goods to the consignee or anyone else without the bill of lading properly indorsed, is wrongful."

Under the record, the defendants did nothing more than exercise the right or privilege given and granted by the statute, supra. They were not negligent in so doing. Therefore, it was error to submit to the jury the issue of defendants' negligence in failing to deliver the wheat to the plaintiffs on their demand, in the absence of the bill of lading or indemnity in lieu thereof.

It cannot be said that this was harmless error, for there is no way to determine whether the jury based the verdict on the above act of claimed negligence, or on other alleged negligence.

Reversed and remanded for new trial.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.